Green, J.
delivered the opinion of the court.
Upon these pleadings two questions arise: 1st, What title did James H. Shropshire acquire to the negro Ned? There is no question but that Mrs. Shropshire, as executrix, had power to make a valid sale of the negro; and had she sold him absolutely and without condition, it must necessarily have been taken that she dealt in her .character of executrix, for that was the only character in which she could rightfully have made an absolute sale. But upon this subject the proof explains the nature of the contract, and shows that she intended only to sell the interest which she had to the negro, under the will, absolutely; and on condition only that the legatees would .consent to the sale when they became of age, did she undertake to convey the entire right. This is explicitly James H. Shropshire’s testimony; and he is not impeached or contradicted by Mr. Miller, who only says that Catharine told him she had sold Ned to James H. Shropshire. But it is insisted that James H. Shropshire is an interested, and therefore an incompetent witness. In answer to this, it is enough to say that he would be liable to Williams should the complainants succeed, and therefore that his testimony is against his interest, and consequently is competent.
*167 James H. Shropshire, therefore, acquired only the estate his mother had in the negro Ned, by the purchase, and of course could communicate to Williams no better title than that which was vested in him. The defendants were entitled to Ned during the continuance of Mrs. Shropshire’s widowhood; but when she married the right of the complainants accrued.
2. The remaining question is, are the complainants barred by the statute of limitations? The defendants have been in possession of Ned more than three years before the suit was brought. Prima facie, this possession, claiming him for themselves, and adversely to all others, confers on the possessor a good title by force of the statute of limitations. To avoid this, the complainants say that their right of action did not accrue until the marriage of Catharine; but they do not allege, nor is it shown in proof, when that marriage took place. That fact it was incumbent on the complainants to prove. It is an affirmative fact within their knowledge, which would come in avoidance of the plea, and the proof of which would prevent the bar apparently created by the length of the defendants’ possession.
Upon this view of the case, the court is of opinion that the statute of limitations conferred on Tally a good right to the negro Ned, and is therefore a bar to the complainant’s demand.
Let the judgment be reversed, and the bill dismissed with costs.
Judgment reversed.